COMMONWEALTH *vs.* HECTOR INGRAHAM & another.

On the trial of an indictment against two persons for setting fire to a building, evidence of admissions by one defendant, in a conversation with another person three months after the fire, that he was with the other defendant when that other set the fire, are admissible in evidence against him, though not against the other defendant; and it is no ground of exception that the judge permitted the witness, against the objection of the other defendant, to state the whole conversation as it occurred, if the jury are afterwards instructed not to allow it any weight against that other defendant.

An attempt to impeach a witness, by asking another witness what was his character for truth, warrants the introduction of evidence to support his character, although the answer to the question was that his character was good.

INDICTMENT against Hector Ingraham and Joseph Clements for setting fire to a shop in Watertown.

At the trial in the court of common pleas, before *Perkins*, J., the district attorney, in addition to other testimony, offered to prove by Hiram Whitney a confession of Clements, part of which affected and concerned Ingraham alone. Before the testimony was admitted, the counsel for Ingraham requested the judge to instruct the witness not to state any of that part of the conversation, which affected and concerned Ingraham alone, and was not connected with any statements concerning Clements himself; and not to name Ingraham, though his name might have occurred in the conversation. But the judge refused so to instruct the witness, and ruled that the witness might relate the whole of the conversation, being otherwise admissible, in its proper connections, and according to the truth, as it occurred. Whitney then testified that Clements came into his shop three months after the fire, and said that Ingraham had been seen in Boston, and that Ingraham said he would rather have given five thousand dollars than to have met Whitney the night of the fire, " for fear he would blow him," and Clements also said that he did not set the fire, but was with Ingraham when he set it. The judge on this point instructed the jury " that they should carefully separate between the defendants, as to this evidence, and not suffer the conversations, statements or declarations of

Clements, the person holding or making them, to affect the other defendant Ingraham."

In cross-examination of one of the witnesses for the Commonwealth, the defendants' counsel asked him several questions as to the general character of Whitney for truth and veracity; and the witness answered that it was good, as good as that of any other man in Watertown. After the defendants had introduced all their evidence, the district attorney called three witnesses to sustain Whitney's character for truth and veracity. The defendants objected to the admission of any evidence of this nature, but the judge admitted it.

The defendants were found guilty, and alleged exceptions.

*G. A. Somerby,* for the defendants. 1. A confession is evidence only against the person confessing, and not against others, although proved to be his accomplices. 1 Greenl. Ev. § 233. 2 Hawk. *c.* 46, § 32. *Thong's case,* J. Kel. 18. The evidence of what Ingraham told Clements, long after the fire, was not admissible against either Ingraham or Clements.

2. There is a presumption that a disinterested witness will speak the truth. Stark. Ev. (4th Eng. ed.) 820, 821. Evidence is inadmissible to confirm the character of a witness for truth until his credit has been impeached. A mere attempt to impeach is not sufficient. Stark. Ev. 254. *Bishop of Durham* v. *Beaumont,* 1 Campb. 207. In this case, the attempt, if it had changed the reputation of the witness at all, had strengthened it.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

DEWEY, J. 1. We see no objection to the ruling of the court of common pleas as to the introduction of the evidence of the admissions and statements of Clements, one of the defendants. They were entirely competent as against Clements, and those parts of them alluding to his statements as to what occurred between Ingraham and himself, were competent as affecting his connection with the crime charged. It is only the ordinary case of two persons on trial for an alleged joint offence, and in such cases the confessions may be introduced as against the party making them. If, as in the present case, they allude to the other party also, all that can be required of the court is dis-

tinctly to instruct the jury to apply such evidence solely to the party making such statements and not to allow them to affect the other defendant. This was done in the present case.

2. The further question is as to the competency of the evidence introduced by the government to sustain Hiram Whitney's character for truth and veracity.

It is well settled that such evidence is not competent where there has been no attempt by the opposing party to impeach the character of the witness in this respect. In the absence of such attempted impeachment, the witness is to have the benefit of the ordinary presumption in that respect, and to rest there. But if his general reputation has been impeached by evidence on the part of the opposite party, it is then competent to introduce evidence in support of the character of the witness. This is not controverted by the defendants, but it is insisted that there had been no such impeachment of the character of the witness as would justify calling witnesses to sustain the same.

It is found, in this case, that the defendants had propounded several questions to a witness on the stand, as to the general character of Hiram Whitney for truth and veracity, and that the witness had answered such inquiries. The answers, it is true, were apparently favorable to the reputation of Whitney, and it is upon this ground that the defendants now insist that it was not competent for the government in reply to call witnesses to sustain his character. In the present case, it may be that the language of the witness was so unequivocal as to leave but one inference to be drawn from the answer, and that entirely favorable. But it is to be borne in mind that the interrogatory and the answer are matters occurring before the jury, and that in the manner in which the answer is given, though in language apparently favorable to the witness, yet there might be conveyed the impression of doubt and uncertainty as to his reputation. To give effect to the view now urged by the defendants would necessarily devolve upon the court in each case to judge of the effect of any particular testimony put into the case by the party attempting an impeachment, and whether it was successful or otherwise, inasmuch as in the latter case it would be the duty

of the court to exclude all evidence offered by the party calling him, to sustain his good character. Great practical difficulties would result from this course, as will be readily perceived.

In the view we take of this matter, any inquiries of witnesses by one party, as to the general reputation for truth and veracity of a witness introduced by the other party, are to be considered as an impeachment of the general character of the witness, so far as to open that subject to the introduction of evidence to sustain his good character. The attempt thus made to impeach may prove wholly abortive, as it often does upon evidence apparently more unfavorable. But if the party against whom the witness is called is not content to leave the credit of the witness to be judged of by his appearance on the stand, the testimony he gives, and the contradictory testimony that may be offered, but opens another ground of impeachment, and voluntarily enters upon the same before the jury by inquiries pertinent to that issue, he cannot, because he finds that he has been unsuccessful, limit the inquiry to the witnesses to whom he has propounded interrogatories. It is open to the other party in such case to sustain the reputation of his witness in the usual form of calling witnesses to testify to his good character as a man of truth and veracity.                               *Exceptions overruled.*