**UNITED STATES, Appellee,**

v.

**Kevin L. WOODS, Specialist Four, U.S. Army, Appellant.**

No. 47,384.

CM 442979.

U.S. Court of Military Appeals.

April 8, 1985.

For Appellant: *Captain Robert W. Wiechering* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel William P. Heaston, Major Lawrence F. Klar, Captain Marcus C. McCarty* (on brief).

For Appellee: *Captain Robert L. Swann* (argued); *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Major Patrick M. Flachs, Captain Daniel N. Velling* (on brief); *Lieutenant Colonel Adrian J. Gravelle.*

*Opinion of the Court*

PER CURIAM:

Appellant was tried by a general court-martial consisting of a military judge alone. Contrary to his pleas, he was found guilty of possessing lysergic acid diethylamide (LSD), in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. These findings and the sentence to a bad-conduct discharge, confinement at hard labor for 13 months, total forfeitures, and reduction to E-1 were approved by the convening authority. The Court of Military Review affirmed. This Court granted review to consider whether the military judge erred in refusing to admit the testimony of defense character witnesses as to appellant's truth and veracity. 17 M.J. 58 (1983).

Under Mil.R.Evid. 608(a)(2), a witness may be rehabilitated when his "character ... for truthfulness has been attacked by opinion or reputation evidence or otherwise." We have now made clear that this rule should not be interpreted in a restrictive manner. *See United States v. Allard,* 19 M.J. 346 (C.M.A. 1985); *United States v. Everage,* 19 M.J. 189 (C.M.A. 1985). *See also United States v. Medical Therapy Sciences, Inc.,* 583 F.2d 36 (2d Cir. 1978), *cert. denied,* 439 U.S. 1130, 99 S.Ct. 1049, 59 L.Ed.2d 91 (1979); *United States v. Lechoco,* 542 F.2d 84 (D.C. Cir. 1976).

■ In the present case appellant's guilt or innocence hinged on the factfinder's determination as to the credibility of his explanation for his alleged possession of LSD. Trial counsel cross-examined Woods and a corroborating witness in a manner that obviously was intended to induce the belief that Sergeant Isenhart, the principal prosecution witness, was testifying truthfully and that appellant was not. Indeed, Isenhart was recalled as a rebuttal witness to testify that at one time he had served as a Presidential White House Honor Guard—a circumstance that according to trial counsel was relevant to his "truth and veracity." Subsequently, in his final argument, the prosecutor emphasized his contention that appellant had not testified truthfully.

From our examination of the record, we cannot distinguish this case from *Everage* and *Allard*. Accordingly, the decision of the United States Army Court of Military Review is reversed; the findings and sentence are set aside. The record of trial is returned to Judge Advocate General of the Army. A rehearing may be ordered.

Judge FLETCHER did not participate.