UNITED STATES

v.

**Anthony M. VARELA, 251 06 8460, Electronics Technician Second Class (E–5), U.S. Navy.**

**NMCM 86 0801.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 16 Oct. 1985.

Decided 24 Sept. 1986.

LCDR Robert J. Smith, JAGC, USN, Appellate Defense Counsel.

Lt Richard F. McManus, JAGC, USNR, Appellate Defense Counsel.

LtCol Stephen S. Mitchell, USMCR, Appellate Government Counsel.

Lt Yvonne M. Carroll, JAGC, USNR, Appellate Government Counsel.

Before MITCHELL, Senior Judge, and GLADIS and CASSEL, JJ.

MITCHELL, Senior Judge:

The appellant was convicted at a contested special court-martial (members) of a single offense of use of cocaine (urinalysis) and incurred an approved sentence to, *inter alia,* a punitive discharge. He complains to this Court that the military judge erred by not permitting trial defense counsel to offer evidence in support of the credibility of the appellant after his character for truthfulness had been attacked. We disagree and affirm.

At trial, the crux of the defense was that the urinalysis test results were inaccurate and the sample handling procedures faulty. Following appellant's testimony, denying use of cocaine, trial counsel, on cross-examination, posed a few mild questions related to the giving of the urine sample and then asked appellant whether he recently had reenlisted, had received a $16,000.00 reenlistment bonus, and stood to lose or pay back the bonus if he was disqualified from submarines, receiving affirmative answers from the appellant. Thereafter, trial counsel asked for a hearing regarding the anticipated calling of three defense witnesses who were expected to testify as to the accused's character for truth and veracity, such testimony being seen as improper absent an attack on the accused's character for truth and veracity. Trial defense counsel confirmed the tactic, viewing such evidence as proper because evidence had been presented indicative of guilt which the appellant explicitly denied, thus putting his truth and veracity in issue. Defense counsel also implicitly denied any intention to seek its admission as substantively relevant under Rule 404(a)(1), Military Rules of Evidence (Mil.R.Evid.) The military judge, finding no attack on the accused's veracity had occurred, effectively foreclosed the receipt of such evidence. No offer of proof

of the details of the expected testimony was provided by trial defense counsel. Thereafter, the only reference to the pecuniary interest of the appellant was in closing argument where the trial counsel observed:

[A]s the defense counsel aptly pointed out, the accused has much to lose if he is convicted here today. He has the possibility of loosing (sic) or having to pay back [a] selective reenlistment bonus, a Navy career may be in jeopardy. Certainly disqualification from the submarine force. Many other circumstances were explained. The effect as a civilian from receiving a felony conviction. This is not a proper consideration for a finding of guilty or not guilty.

■ An accused does not acquire an automatic right to bolster his credibility just because he takes the stand and testifies on the merits of the case. *United States v. Jackson,* 588 F.2d 1046, 1055 (5th Cir.1979), *cert. denied,* 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979); *Woey Ho v. United States,* 109 F. 888, 890 (9th Cir.1901); *United States v. Everage,* 19 M.J. 189, 192 (C.M.A.1985). The testifying accused stands in the same shoes as any other witness in respect to credibility. App. 22–37, Analysis, Manual for Courts-Martial, United States, 1984.

■ Mil.R.Evid. 608(a)(2) provides that evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise. At issue in this case is the meaning of the words "or otherwise". Traditionally an attack on character for truth and veracity has been found from evidence of a bad reputation,[1] conviction of a crime,[2] acts of misconduct admitted by the accused,[3] inconsistent statements,[4] or the corrupt con-

---

1. *Prentiss v. Roberts,* 49 Me. 127, 137 (1860).

2. *Gertz v. Fitchburg R. Co.,* 137 Mass. 77, 78 (1884).

3. *First Nat'l Bank v. Blakeman,* 19 Okl. 106, 91 P. 868 (1907). *United States v. Everage, supra.*

4. *Dickson v. Dinsmore,* 219 Ala. 353, 122 So. 437 (1929).

duct of a witness of a sort to show bias.[5] Evidence of bias or interest not involving corruption, such as a pecuniary or familial interest has not been traditionally recognized as an attack on character for truth and veracity. *E.g., Lassiter v. State,* 35 Ala.App. 323, 47 So.2d 230 (1950). Slashing cross-examination incorporating strong accusations of misconduct and bad character, often accompanied by charges of lying and deceit made in examination or argument, has traditionally been viewed as an attack on character for truth and veracity. *E.g., Harris v. State,* 49 Tex.Cr.R. 338, 94 S.W. 227 (1906); *Comm. v. Ingraham,* 7 Gray (Mass) 46, 49 (1856). *See United States v. Angelini,* 678 F.2d 380, 381–2 (1st Cir.1982); *United States v. Medical Therapy Science, Inc.,* 583 F.2d 36, 39–42 (2d Cir.1978), *cert. denied,* 439 U.S. 1130, 99 S.Ct. 1049, 59 L.Ed.2d 91 (1979); *United States v. Lechoco,* 542 F.2d 84, 86–89 (D.C. Cir.1976). The concept applies to Mil.R. Evid. 608. *United States v. Allard,* 19 M.J. 346 (C.M.A.1985). While mere conflicts in evidence do not constitute an attack on truthfulness,[6] *Allard* recognizes an attack on character for truth and veracity where the government witness's evidence of certain facts has been met by defense evidence (accused's testimony) denying those facts in an atmosphere of mutual charges of lying and deceit where the trial counsel was permitted to bolster the credibility of its witness. An attack has also been found where the conviction turned on the credibility of· the accused's explanation for his possession of LSD where trial counsel's cross-examination was aimed at inducing the belief that the accused was lying and the accusation was made in closing argument by trial counsel. *United States v. Woods,* 19 M.J. 349 (C.M.A.1985). Mil.R. Evid. 608 is, therefore, not to be interpreted in a restrictive manner. *See* SALTZBURG, SCHINASI and SCHLUETER, MILITARY RULES OF EVIDENCE MAN-UAL, Page 288 (1981). The question of whether there has been an attack on character for truth and veracity is a matter for the military judge's discretion. Appellate courts should disturb rulings made by trial judges on character evidence only upon a clear showing of prejudicial abuse of discretion. *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). *See United States v. Halsing,* 11 M.J. 920 (A.F.C.M.R.1981).

■ While we agree that Mil.R.Evid. 608 should be liberally construed, we find no abuse of discretion here. In the case at bar, the questions asked of the accused on cross-examination were mild and elicited only that he may have had a pecuniary interest in the result of trial greater in dollar amount than was obvious from what he otherwise stood to lose in terms of the monetary value of his military career and benefits. Absent were the allegations of deliberate falsehood, either in examination or argument, as were found in *Allard* and *Woods.* Evidence of interest not only suggests a potential motive to lie, it also suggests that the interest involved may innocently aberrate the witness's recollection of events. The trial counsel did not seek to hang either argument around the appellant's neck. In summation, trial counsel discounted the real significance of appellant's various interests in the result of trial, implying that they were more properly considered in the sentence as opposed to findings stage of the trial. Thus, in terms of character, intensity and aggression the military judge did not abuse his discretion in finding that there was no attack on the appellant's truthfulness.

■ We also reject trial defense counsel's argument that denial of guilt on the witness stand alone raises the issue of the appellant's character for truth and veraci-

---

5. *People v. Ah Fat,* 48 Calif. 61, 64 (1874) (evidence that state's witness had offered to testify against accused if there was money in it for him.)

6. *United States v. Danehy,* 680 F.2d 1311, 1314 (11th Cir.1982) (construing Fed.R.Evid. 608(a)); *United States v. Morrissey,* 14 M.J. 746, 748–9 (A.C.M.R.1982); *United States v. Halsing,* 11 M.J. 920 (A.F.C.M.R.1981).

ty. Not only does such a position conflict with the weight of authority,[7] and the plain wording of Mil.R.Evid. 608(a)(2), it would destroy the rule by permitting such collateral evidence in almost every contested trial, regardless of the issues joined. In situations, such as existed in *Allard*, conflicting evidence, so intertwined with credibility, mandates the admissibility of the bolstering evidence. No such circumstances exist here. Furthermore, the thrust of the defense was to discredit the chain of custody and the laboratory procedures and testing, the results of such testing not necessarily indicative that the accused's denial of knowing ingestion was a deliberate lie. Finally, *United States v. Luce*, 17 M.J. 754 (A.C.M.R.1984) is consistent with *Everage, Allard, Woods* and our conclusion in this case. *Luce* does not support the appellant's arguments.

Since Mil.R.Evid. 404(a)(1) was not made an issue at trial nor on appeal, there is no need to decide whether the proffered evidence was admissible under that rule. We reject the assignment of error as well as rejecting without comment the issues raised in substitute trial defense counsel's letter of 13 January 1986. We have considered the clemency petitions.

In view of the foregoing, the findings and sentence as approved on review below are affirmed.

Judge GLADIS and Judge CASSEL concur.

---

7. *United States v. Danehy, supra; United States v. Jackson, supra.*