**UNITED STATES, Appellee,**

v.

**Private (E–1) John E. WILLIAMSON, SSN 247–33–1210, United States Army, Appellant.**

**CM 440208.**

U. S. Army Court of Military Review.

27 March 1981.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Jerome E. Kelly, JAGC, and Captain John D. Martin, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major John T. Meixell, JAGC, and Captain John L. Plotkin, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

The issues in this case are (a) whether serving as a magistrate for the review of an accused's pretrial confinement, and approving that confinement, disqualified the military judge from presiding without court members over the trial of the accused pleading guilty, and (b) whether the military judge improperly accepted the appellant's plea of guilty to robbery in the face of a possible defense of drunkenness affecting specific larcenous intent.

Charged with committing forcible sodomy on, and robbing, another soldier, appellant entered into a plea bargain with the convening authority and was brought to trial before Judge DeFord of the Third Judicial Circuit.

At the outset of the trial, Judge DeFord announced:

Let the record reflect that I was the examining Magistrate in the pretrial incarceration of Private Williamson. I interviewed him within several days of his initial confinement and then I subsequently have done a review in his case. Fourteen days from the date of the—his initial confinement I have made no determination of the facts in this case and I feel that—or believe that I am able to judge this case on the evidence that is presented in open court.

Offered the opportunity to do so, the appellant declined to challenge the military

judge for cause, and elected to be tried by the military judge without court members.

Appellant then entered pleas of guilty of forcibly committing sodomy per os and per anus upon his victim and of robbing the victim of his money. The offenses occurred when the two were returning to the barracks from an establishment, apparently off-post, called the "1–2–3 Club."

After conducting the required hearing concerning appellant's understanding of the nature and effect of his guilty pleas and his understanding of the terms and conditions of the plea bargain, the military judge accepted the pleas and entered findings of guilty.

Evidence presented by the defense in extenuation and mitigation indicated that, although appellant seldom drank more than one or two beers on social occasions in his hometown (at the time of the offenses he was a new member of the Army National Guard undergoing initial active duty for training), he had consumed seven or eight mixed drinks and a pitcher of beer over a five-hour period at the 1–2–3 Club before his assault on the victim. At this, the military judge opened the following colloquy:

MJ: Captain Powell [defense counsel], with the appearance of Mrs. Williamson [appellant's mother] as a witness and the statement by the accused concerning some intoxication, this is the first indication that I have had that there is any drinking involved in this case.

DC: Yes, sir.

MJ: Have you explored fully the possibility of voluntary intoxication as [to] the impact on these offenses?

DC: I have, Your Honor. I am satisfied that there would not be a raised known of the defense to either of the offenses—include intent to either of the offenses in this case. [Sic. The transcription is obviously in error, but it is clear that the defense was being dis-

claimed.] We do contend that in extenuating circumstances, however—

MJ: Well, I am going to reopen the providency inquiry and ask the accused some questions with regard to this.

The military judge then undertook a searching inquiry of appellant, occupying some 12 pages of the record of trial, touching upon appellant's awareness and understanding of the events, his physical ability and activities, and the intent with which various acts were carried out—particularly his intent concerning the proceeds of the robbery.

I

■ We hold, contrary to appellant's contentions, that, by performing the pretrial confinement review functions pursuant to paragraph 16–5 of Army Regulation 27–10 (edition of 26 November 1968; page dated 15 August 1977), the military judge did not automatically become an investigating officer within the meaning of Article 26(d), Uniform Code of Military Justice, 10 U.S.C. § 826(d) (1976). Nor is there the slightest indication that the military judge, in making his determination pursuant to the Army regulation, in fact "conducted a personal investigation of a general matter involving the particular offense" within the meaning of paragraph 64, Manual for Courts-Martial, United States, 1969 (Revised edition), which defines the term "investigating officer."[1]

■ The appellant does not contend that the military judge was required to pass on his own actions. Cf. United States v. Wolzok, 1 M.J. 125, 127–28 (C.M.A.1975). Neither does he contend that the judge was in any way biased, nor would this record support such a conclusion. Therefore, we need not dwell on the question whether the judge's failure to recuse himself was an abuse of discretion. Clearly it was not. See United States v. Bradley, 7 M.J. 332,

---

1. The cited paragraph indicates that the term "investigating officer" is being defined for the purposes of Article "26(a)" of the Code, among others. Since the term defined does not appear in Article 26(a), we believe that a reference to Article 26(d) was intended.

333–34 (C.M.A.1979); *United States v. Reed*, 2 M.J. 972, 975–77 (A.C.M.R.1976).[2]

## II

The military judge's inquiry into the possible defense of intoxication, undertaken after evidence first came to his attention that appellant had been drinking immediately before committing the offenses, amply satisfied his duty to inquiry into evidence possibly inconsistent with the plea. *See United States v. Timmons*, 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972) (2–1). His renewed acceptance of the guilty pleas as provident was not error, for the defense counsel clearly indicated that the defense had been considered and appellant testified, during this further inquiry, that he knew what he was doing and that he specifically intended to permanently deprive the victim of his money. *See United States v. Snowden*, 43 C.M.R. 569, 570–72 (A.C.M.R.1970); *cf. United States v. George*, 6 M.J. 880 (A.C.M.R.1979).

Both assigned errors are without merit. The findings of guilty and the sentence are affirmed.

Judge CLAUSE and Judge FOREMAN concur.

**2.** Appellate counsel for the Government have urged that we decide this issue on the basis that any objection to the military judge was waived by the failure to challenge him. *United States v. Turner*, 9 U.S.C.M.A. 124, 25 C.M.R. 386 (1958) (Part I). We would be inclined to do so, but the consequent necessity to examine the record for plain error would involve the same considerations as indicated above.