**UNITED STATES, Appellee,**

v.

**Private (E–1) John L. WILSON, SSN 184–50–9607, United States Army, Appellant.**

**CM 440762.**

U. S. Army Court of Military Review.

30 Oct. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Robert C. Rhodes, JAGC, Major Joyce E. Plout, JAGC, and Captain Marcus C. McCarty, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Paul K. Cascio, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

Per Curiam:

Can evidence of Article 15 punishment be used to impeach the accused under 608(b), Military Rules of Evidence? That is the main issue to be decided.

■ Appellant was charged with violating a lawful general regulation, Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892 (1976) and assault with intent to commit murder, Article 134, UCMJ, 10 U.S.C. § 934 (1976). He pleaded guilty to violation of the regulation, not guilty to assault with intent to commit murder, but guilty to assault with a means likely to produce grievous bodily injury in violation of Article 128, UCMJ, 10 U.S.C. § 928 (1976), and he was found guilty of assault by intentionally inflicting grievous bodily harm, Article 128, UCMJ, 10 U.S.C. § 928 (1976). The approved sentence was a bad-conduct discharge, 15 months confinement at hard labor and total forfeiture of all pay and allowances.

Appellant did not testify on the merits because the military judge denied his motion *in limine* and decided that the Government could impeach him with two Article 15 punishments, one for making a false official statement and another for larceny. We hold this was prejudicial error.

Rule 608(b), Military Rules of Evidence, allows a witness to be impeached by specific instances of conduct if this conduct is probative of untruthfulness. The rule does not distinguish between the accused and any other witness. *See* Appendix 18, A 18–88–89, Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev.)). If the Government merely intended to ask the accused if he had made a false official statement and the facts surrounding that misconduct, it would have been admissible under Rule 608(b).[1] But here the Government wanted to get before the members not only the fact that a false official statement had been made, but also, that appellant had received Article 15 punishment.

Nonjudicial punishment under Article 15, UCMJ, is for minor offenses, is administered by the commanding officer, does not involve a trial and requires no admission of guilt on the part of the service member. Since the authorized punishment is relatively minor when compared to that authorized by a court-martial, *see* paragraph 134, MCM 1969 (Rev.), the service member may frequently elect Article 15 punishment, even if he is not guilty, rather than face the vagaries of a trial. The Article 15, therefore, represents an accusation of misconduct and a determination by the commanding officer that the misconduct occurred even when it may not in fact have taken place or in the manner which the commanding officer believes to be correct. We hold that under Rule 608(b) the accused cannot be asked if he received Article 15 punishment. To permit such questions would violate the principle of *United States v. Cofield*, 11 M.J. 422 (C.M.A.1981) that records of conviction by summary courts-martial lack sufficient reli-

---

1. We express no opinion on whether the larceny was admissible as showing untruthfulness.

**654**

ability to permit their use for impeachment. Records of Article 15 punishment possess even less reliability under the *Cofield* rationale and, *a fortiori*, are inadmissible for impeachment. Evidence of a conviction by summary court-martial or punishment under Article 15 that is inadmissible for impeachment under MRE 609 cannot be elicited from a witness (including the accused) under MRE 608.

 Appellant contends the military judge lacked jurisdiction to act as such since he was the military magistrate who reviewed his pretrial confinement and thus acted as an investigating officer. We do not agree. *See United States v. Williamson,* 11 M.J. 542 (A.C.M.R.1981).

Appellant has raised another issue which we need not discuss in view of our disposition.

 In view of the error made by the military judge in denying the motion *in limine*, but consistent with his plea, we may affirm the findings of guilty of Charge II and its specification of assault with means likely to produce grievous bodily injury in violation of Article 128, UCMJ, 10 U.S.C. § 928 (1976). The appellant has waived the effect of the error to the extent of his plea of guilty. *See Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). We note that the difference between the maximum sentence to confinement for the offenses to which appellant pleaded guilty (four years) and that for which he was found guilty (six years) is only two years. Considering the fact that the convening authority approved a sentence that only included 15 months confinement, we are satisfied the appellant was not harmed.[2]

Only so much of the findings of guilty of the specification of Charge II as finds that the appellant did, at the time and place alleged, commit an assault upon Private E–2 Donace Ceasor with a means likely to produce grievous bodily harm by shooting

him in the left side of the neck with a pistol, in violation of Article 128, UCMJ, is affirmed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms the sentence.

---

2. The Government agrees with appellant that the military judge incorrectly advised the members that the maximum period of confinement was seven, instead of six years. As we have already observed however, since the convening authority reduced the sentence from 48 to 15 months in accordance with the pretrial agreement, appellant has suffered no prejudice.