**UNITED STATES, Appellee,**

v.

**Private First Class Anthony D. REEVES, SSN 380–76–3770, United States Army, Appellant.**

**SPCM 16044.**

U. S. Army Court of Military Review.

11 Dec. 1981.

Major Elliot J. Clark, Jr, JAGC, Captain David M. England, JAGC, and Captain

Marcus C. McCarty, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, and Captain Rexford T. Bragaw, III, JAGC, were on the pleadings for appellee.

## OPINION OF THE COURT

FULTON, Senior Judge:

The issue to be resolved in this case is whether, when a military judge acts as a military magistrate for determination of the legality of an accused's continued pre-trial confinement in accordance with Army regulations pertaining to that function, he necessarily becomes an "investigating officer" within the meaning of Article 26(d), Uniform Code of Military Justice, 10 U.S.C. § 826(d) (1976), and, therefore, is ineligible to act as military judge in the subsequent trial of the accused. On the basis of our previous holding in *United States v. Williamson*, 11 M.J. 542 (A.C.M.R.1981), we hold that the military judge in this case was not disqualified and we affirm.

At the outset of appellant's trial on charges of assaulting another soldier with a means likely to produce grievous bodily harm after communicating threats to injure the victim,[1] the following colloquy occurred:

MJ: I believe that I have served as the military magistrate in reviewing the pre-trial confinement in this case. I've also served as military judge in the companion case of the name eludes me—

TC: That would be *United States vs. Warnsley*, Your Honor.

MJ: Warnsley. There were references to the accused in this case but I've drawn no conclusions as to guilt or innocence of the accused I presume him to be innocent. I have no conclusions as to any appropriate sentence if that becomes necessary and I feel that I'm in no manner disqualified and feel completely impartial in this case. Captain

O'Neill, however, if you have questions or challenges you may proceed.

DC: Yes, Your Honor, at this time I would like to conduct a brief voir dire. I understand that you did sit in a companion case of *United States vs. Warnsley*. I would just like to insure— Have you formed any opinions as to PFC Reeves' guilt or innocence concerning any these charges here today?

MJ: None whatsoever.

DC: We do anticipate a possible plea in this case. Do you feel that any references that you may have heard—concerning this accused may have any effect upon your evaluating fairly and impartially all the evidence which has come before you here today and arriving at what you deem a fair and appropriate sentence in this case?

MJ: Any decisions I make would be based solely upon what is otherwise properly admitted into evidence during these proceedings.

DC: At this time the defense would have no challenges against the military judge for cause.

MJ: Does the government?

TC: No, Your Honor, the government has no challenges.

MJ: Very well. Captain Woods, what type of court has been selected in this case?

TC: Your Honor, I have in my possession a Request for Trial by Military Judge Alone which has been signed by all the parties.

The appellant had negotiated a plea of guilty in return for the convening authority's promise to suspend for six months any confinement in excess of three months and any forfeitures in excess of two hundred dollars per month for three months. Upon determining the providence of appellant's pleas and his understanding of the terms of the plea agreement, and after a sentence hearing, the military judge imposed a sentence that included a bad-conduct dis-

---

1. Violations, respectively, Articles 128, 134, Uniform Code of Military Justice, 10 U.S.C.

§§ 928, 934 (1976).

charge, confinement for two months, and forfeiture of two hundred dollars pay per month for five months, with reduction in grade.[2] The convening authority approved the sentence, but suspended forfeitures in accordance with the plea agreement.

Appellant does not now challenge the propriety of the military judge's sitting in this case after having presided in the companion case referred to as *United States v. Warnsley. Cf. United States v. Jarvis*, 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973). Appellant does, assert, however, that—

THE COURT–MARTIAL WAS WITHOUT JURISDICTION TO TRY THE APPELLANT SINCE THE MILITARY JUDGE WAS DISQUALIFIED FROM SITTING ON APPELLANT'S CASE BECAUSE OF PRIOR PARTICIPATION AS A MILITARY MAGISTRATE.

Appellant recognizes that, in *United States v. Williamson, supra*, we held that a military judge who performs the military magistrate function conferred upon him by chapter 16 of Army Regulation No. 27–10[3] with respect to the pretrial confinement of an accused does not thereby necessarily become an investigating officer within the meaning of Article 26(d), *supra*, and paragraph 64, Manual for Courts-Martial, United States, 1969 (Revised edition). He contends, however, that the opinion of the Air Force Court of Military Review in *United States v. Trakowski*, 10 M.J. 792 (A.F.C.M. R.), *pet. denied*, 11 M.J. 338 (C.M.A.1981), which dealt with disqualification of a trial counsel who, as an assistant staff judge advocate, had conducted the pretrial confinement hearing required by Air Force regulations, expresses a better view and he urges that we overrule *Williamson.*

Since the *Trakowski* decision, although dated earlier, had not yet been reported when we rendered our decision in *Williamson*, we take this occasion to reaffirm the views we previously expressed.

Whatever may be the case with the Air Force regulation, the Army regulation envisions that the functions of a military magistrate will be carried out by an official who is neutral and detached. Therefore, it is provided that assigned military magistrates be either military judges of the United States Army Judiciary designated as magistrates by the Chief Judge, or persons designated by The Judge Advocate General and thereupon assigned to the United States Army Legal Services Agency, of which the Judiciary is a part. Although provision is made for designation of alternate and part-time magistrates, their assignment to "duties incompatible with ... [their] neutral and detached status" is prohibited. Army Regulation No. 27–10, par. 16–4e, *supra*. The military magistrate does not conduct a formal hearing, but does interview the confinee, review all documents, including those providing information on which the decision to impose pretrial confinement was based, and may seek additional information from commanders, confinement facility supervisors, and the staff judge advocate. *Id.* at pars. 16–5a–b. That the magistrate determine not only the existence of probable cause, but also whether the person should be detained is mandated by *Courtney v. Williams*, 1 M.J. 267, 271 (C.M.A.1976).

Article 26(d) of the Uniform Code of Military Justice, *supra*, provides that "[n]o person is eligible to act as a military judge in a case if he is the accuser or a witness for the prosecution or has acted as investigating officer or a counsel in the same case." Paragraph 64 of the Manual for Courts-Martial, *supra*, defines the term "investigating officer" within the meaning of "Articles 25(d)(2), 26(a)[sic], and 27(a)" of the Uniform Code.[4] Paragraph 64 states that the term, "as applied to a particular offense, shall be understood to include a per-

---

2. The presentencing evidence showed that appellant had been in pretrial confinement from 12 March 1981 until the date of trial, 13 April 1981.

3. Army Regulation No. 27–10, Legal Services: Military Justice, (26 November 1968, as changed by Change No. 17, 15 August 1977).

4. Article 25(d)(2) deals with eligibility for service as a court member. Article 27(a) concerns eligibility of counsel. As in the case of Article 26(d), those articles employ only terms having a specialized meaning within the Uniform

son who, under the provisions of paragraph 34 [of the Manual] and Article 32, has investigated that offense or a closely related offense alleged to have been committed by the accused." The final clause seems to have been added in recognition of the eventuality that formal investigation of one charge might lead to eventual trial on a charge that was technically different, yet closely related.

Paragraph 64 also states that the term "investigating officer" "also includes any other person who, as counsel for, or a member of, a court of inquiry, or as an investigating officer or otherwise, has conducted a personal investigation of a general matter involving the particular offense." In our view, the purpose of that language is to take into account the eventuality that an official investigation of an event or condition, such as the grounding of a vessel, the burning of a barracks, or a fatal vehicle accident, perhaps not yet the subject of any charges, could prove tantamount to the type of investigation conducted by an investigating officer pursuant to Article 32 of the Uniform Code.[5] Viewed in its context and against its codal backdrop, we do not perceive the term "investigating officer" as applying to a judicial inquiry into the lawfulness of pretrial confinement.[6]

■ Accordingly, we hold that serving as the military magistrate for pretrial confinement did not automatically constitute the military judge an "investigating officer" and render him ineligible to serve as the military trial judge in the same case.

■ Appellant suggests that "the issue of prejudice which concerned this . . . Court" in *Williamson* "is simply not relevant to the issue presented here." Indeed, it may not be relevant to the issue we have

just discussed, but we recognize that, in a given case, the military magistrate might so conduct the inquiry concerning pretrial confinement, or might subsequently be called upon to review his or her own determination, such that challenge for cause or sua sponte recusal would be warranted. *See, e.g., United States v. Bradley,* 7 M.J. 332 (C.M.A.1979); *United States v. Wolzok,* 1 M.J. 125, 127–28 (C.M.A.1975), citing with approval *United States v. Cardwell,* 46 C.M.R. 1301 (A.C.M.R.1973); *cf. United States v. Ezell,* 6 M.J. 307 (C.M.A.1979); *United States v. Goodman,* 3 M.J. 1 (C.M.A. 1977). In this case, as in *Williamson,* there is neither assertion nor evidence of any such circumstances. *Cf. United States v. Cooper,* 8 M.J. 5 (C.M.A.1979).

The findings of guilty and the sentence are affirmed.

Judge CLAUSE and Judge COHEN concur.

---

Code, such as "accuser," "witness for the prosecution," "military judge," "court member," and the term in question, "investigating officer."

5. We view the term "personal investigation" not as meaning simply an unofficial one, but as referring instead to an investigatory role as distinguished from a mere review function.

6. The judicialization of both the pretrial confinement review and search authorization functions has been viewed with apparent favor by the Court of Military Appeals. *See, e.g., United States v. Kalscheuer,* 11 M.J. 373 (C.M.A. 1981); *Courtney v. Williams,* 1 M.J. 267, 271 n.14 (C.M.A.1976). From a reading of the Army regulation, it seems clear that the present version was drafted both with a view to the requirement in *Courtney v. Williams,* 1 M.J. at 271, and the criteria set forth in *United States v. Heard,* 3 M.J. 14 (C.M.A.1977).