**UNITED STATES, Appellee,**

v.

**Private E–1 Willie E. FOOTMAN, SSN 251–17–2393, United States Army, Appellant.**

**No. SPCM 16362.**

U. S. Army Court of Military Review.

28 May 1982.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Charles A. Byler, JAGC, and Captain Richard W. Vitaris, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major John T. Meixell, JAGC, Major Michaёl L. DeBusk, JAGC, Captain Daniel T. Hartnett, JAGC, and Captain Peter M. Donawick, JAGC, were on the pleadings for appellee.

Before JONES, McKAY and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

HANFT, Judge:

Footman pled guilty to the larceny of a stereo amplifier which belonged to Larry McEnany. The trial judge then conducted what has commonly, but incorrectly, become known in military jurisprudence as an inquiry into the "providency" of a plea of guilty. The term "providency" is not recognized by Mr. Webster, and although "providence" and "provident" are recognized words, the correctness of their use in a judicial setting is doubtful. Be that as it may, and call it what you will, the trial judge, in attempting to list the elements of the offense of larceny, omitted the word "wrongfully" as it related to the taking of the stereo amplifier and the word "permanently" as it related to the intent to deprive Larry McEnany of the use and benefit of the stereo amplifier.

When a defendant enters a plea of guilty to an offense, the trial judge is required to "explain the elements". *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969). *Compare United States v. Kilgore*, 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971) (trial judge not bound to "separately detail the elements") *with United States v. Pretlow*, 13 M.J. 85 (C.M.A.1982) (*Kilgore* limited to the simplest of military offenses). When the trial judge separately lists the elements of larceny, is the omission of not one but of two essential words reversible error? That is the question presented here.

### Wrongfully take

In *United States v. Wheeler*, 43 C.M.R. 853 (ACMR) (en banc), *rev'd on other grounds*, 44 C.M.R. 25 (CMA 1971) this Court held that a plea of guilty to larceny was correctly accepted notwithstanding omission of the word "wrongfully" in the judge's listing of the elements. The Court reasoned that Wheeler, in responding to questions put by the trial judge, "acknowledged a deep feeling of guilt, thus admitting the wrongful nature of the taking". *Id.* at 855. So, too, in Footman's case the trial record reveals oral admissions by Footman that he "stold" [sic] the stereo amplifier and that he knew that he was not supposed to take the property of another. In addition, Footman entered into a written stipulation of fact which the trial judge discussed with him and wherein his actions in taking the amplifier were stated to be "willful, wrong and unlawful". Thus, Footman, through his participation in the guilty plea inquiry, admitted the wrongfulness of the taking.

### Permanently deprive

We find that the second word omitted by the trial judge was also admitted to by

Footman during his participation in the inquiry. The stipulation of fact contains the admission that Footman stole the stereo amplifier "with intent to deprive PFC McEnany *permanently* of its use and benefit". (Emphasis added). But we do not rely solely on the stipulation in concluding that Footman knew of and admitted to having the requisite intent to permanently deprive. Not only did Footman admit that he "stold" the amplifier, he also orally admitted upon questioning that at the time he took it he intended to sell it; that he sold the amplifier for seventy-five dollars, took the money home and used it for his family's benefit.

In sum, although the trial judge did err when he failed to use the words "wrongfully" and "permanently" in listing the elements of the offense of larceny, we are satisfied from the totality of the proceedings that the trial judge complied with the *Care* requirement that he "explain the elements".

Footman also requests that we overrule the case of *United States v. Williamson*, 11 M.J. 542 (A.C.M.R.1981) which held that a trial judge is not disqualified from presiding over a bench trial merely because he also acted as magistrate regarding the defendant's pretrial confinement. That we decline to do.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge McKAY concur.