## UNITED STATES

### v.

### Airman Basic Peter J. HUETTEN-RAUCH, FR 393–60–3837 United States Air Force.

#### ACM 23785.

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 Sept. 1982.

Decided 6 July 1983.

---

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

**1.** By order dated 27 May 1983, the convening authority remitted the unexecuted portion of

## DECISION

CANELLOS, Judge:

Before a general court-martial with members, the accused was convicted, contrary to his pleas, of an attempt to commit aggravated arson. The approved sentence extends to a bad conduct discharge, confinement at hard labor for one year and six months, and total forfeitures.[1]

On appeal, the accused assigns four errors for our consideration, discussion of only one of which is necessary for us to resolve this case. That is, the military judge erred in allowing the prosecution to impeach the accused on cross-examination by showing that he had been convicted previously of attempted theft (shoplifting). We agree.

The facts reveal that the accused, after socializing with a number of co-workers, went to a dining hall on base. There, he was observed entering a latrine and exiting a short time afterwards. A few minutes later smoke was seen emanating from under the latrine door. Upon investigation, it was revealed that some paper towels in a metal trash container were smoldering. The accused was arrested and questioned; and he denied he had set the fire. No one else was observed in the vicinity of the latrine; however it could not be established that no one else was in the area at the time.

Coincidentally, the accused had, on a previous occasion, discovered a fire on the base and was instrumental in having the fire extinguished. For this action, he was named the Airman of the Month and was praised in the base newspaper. The accused had a good record and it was the prosecution's theory of the case that the accused set the fire so as to feign its discovery and thereby receive similar accolades.

The accused took the stand and testified on the merits. He denied that he had set the fire and could offer no explanation of

the sentence relating to confinement.

how the fire started or how he could have been in the latrine and not noticed the fire in the trash container. During the prosecution's cross examination, the assistant trial counsel asked the accused if the court should believe his testimony despite the fact that he had been convicted of the offense of attempted theft. The accused insisted that the court should believe his testimony.

At an Article 39(a), 10 U.S.C. § 839(a) session, the accused's counsel requested that the military judge instruct the court members that they were not to consider the evidence of the conviction because such evidence had been improperly raised by the trial counsel.[2] The defense claimed that the conviction did not fall within the category of convictions which could properly be used in cross-examination to attack the credibility of a witness. The military judge denied the request.

■ Any witness, including an accused who chooses to testify, may be impeached by evidence of a previous conviction if that conviction falls within those categories enumerated in Mil.R.Evid. 609.[3] The proponent of the evidence has the burden of establishing how the previous conviction qualifies for admission.

■ Here the previous conviction was for attempted larceny, or, as the facts would indicate, shoplifting. Unless that offense was punishable by imprisonment for more than one year, a fact which must be established by the proponent, Mil.R.Evid.

609(a)(1) is inapplicable. To qualify under Mil.R.Evid. 609(a)(2), the offense must involve "dishonesty" or "false statement," a fact which, once again, must be established by the proponent. It has been routinely held that shoplifting is not such an offense as to qualify as one involving dishonesty. *See generally, United States v. Ashley,* 569 F.2d 975 (5th Cir.1978), and cases cited therein; *United States v. Frazier,* 14 M.J. 773 (A.C.M.R.1982).

■ We conclude that the cross examination of the accused by evidence of the previous conviction was error. Finding so, we must test for prejudice.

The evidence against the accused was purely circumstantial. The accused denied that he committed the offense, but offered no other evidence. The accused's record was exemplary except for the previous conviction. Clearly, the accused's credibility was in issue and was all-important. If the court believed him, he would be acquitted. Since the court convicted the accused, they must have disbelieved his version of the facts. The previous conviction could have played a large part in that determination; therefore, prejudice is apparent.

Consistent with the above, the findings of guilty and the sentence are set aside. A rehearing may be ordered.[4]

HEMINGWAY, Senior Judge and RAICHLE, Judge, concur.

---

2. Although the defense did not object immediately to the question about the accused's previous conviction, he did object at the Art. 39(a) session called shortly thereafter. On these facts, we will not apply the waiver provisions of Mil.R.Evid. 103(a)(1).

3. Rule 609. Impeachment by Evidence of Conviction of Crime
(a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death, dishonorable discharge, or imprisonment in excess of one year under the law under which the witness was convicted, and the military judge determines that the probative value of admitting this evidence outweighs its preju-

dicial effect to the accused, or (2) involved dishonesty or false statement, regardless of the punishment. In determining whether a crime tried by court-martial was punishable by death, dishonorable discharge, or imprisonment in excess of one year, the maximum punishment prescribed by the President under Article 56 at the time of the conviction applies without regard to whether the case was tried by general, special, or summary court-martial.

4. Although not necessary to our decision, in view of our disposition of this case on a procedural basis, we question the legal sufficiency of the evidence in so far as it related to the offense of attempt to commit "aggravated" arson. In accord with the prosecution's own theory of the case, the accused intended to set the fire to the papers in the trash container, but never intended to set fire to the building. The