**UNITED STATES**

v.

**Airman Basic David L. JEFFERSON, FR 595–16–4036 United States Air Force.**

**ACM S27095.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 April 1986.

Decided 24 Sept. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Deborah J. Hudspeth. Captain Thomas A. Curtis filed a brief on behalf of the appellant.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A military judge sitting alone convicted the appellant of larceny and sentenced him to a bad conduct discharge, 2 months confinement, and forfeiture of $426 per month for two months. At trial, and again on appeal, the appellant urged that it was error for the trial counsel to attempt to impeach him by introducing evidence of his prior conviction for larceny of less than $100. We agree.

By his own admission, the appellant is a prankster. He met his intended victim while they were both confined at Fort Sill, Oklahoma. On the appellant's first free weekend after returning to Sheppard Air Force Base, Texas, from Fort Sill, he and a friend went to the Airman's Club. When he entered the club, he noticed his Fort Sill friend was there and had a denim jacket draped over the back of his chair. The appellant remarked that taking the friend's jacket would be a good way to pay him back for a similar prank he had played on him earlier. What the appellant did not know was that the jacket belonged to another airman at the table.

When the opportunity presented itself, the appellant took the jacket and eventually left the club with it. He wore the jacket around base the next day hoping to attract his friend's attention and even the "prank-score" with him. Unfortunately for him, the real owner of the jacket spotted him and went to the police. At trial the appellant pleaded not guilty to larceny, but guilty to wrongful appropriation of the jacket, and in a stipulation of fact introduced by the prosecution, admitted all the elements of the offense except the intent to steal.

The appellant testified on the merits in his own behalf. During his cross-examination of the appellant, the trial counsel began to lay the foundation for introduction of evidence of the appellant's prior conviction for larceny of $94.99 worth of clothing from the Sheppard Air Force Base exchange by asking whether the appellant had "ever stolen clothing from any type of institution". Defense counsel objected stating that the information was not relevant. Trial counsel first attempted to base admissibility of the information on Mil.R. Evid. 404(b) as evidence of an intent to steal. After an inquiry about the circumstances, the military judge held that the two acts were not similar enough and, correctly, did not admit the information under this provision. The military judge next discussed Mil.R.Evid. 608 and 609. He held the evidence inadmissible under Mil.R.Evid. 609, but ruled that it could come in under Mil.R.Evid. 608(b)(2) as information which "relates to truthfulness".

Any witness, including an accused, may be impeached by evidence of a prior conviction if the conviction is included in the categories listed in Mil.R.Evid. 609. The military judge correctly held that this information did not qualify for admission under Mil.R.Evid. 609 because the punishment was not severe enough (Mil.R.Evid. 609(a)(1), and the offense did not involve dishonesty or false statement (Mil.R.Evid. 609(a)(2)). *United States v. Huettenrauch*, 16 M.J. 638 (A.F.C.M.R.1983). He erred, however, when he turned to a consid-

eration of Mil.R.Evid. 608 and held that the information was indicative of truthfulness or untruthfulness.

 The prior offense was for shoplifting. Shoplifting has been held to be an offense that does not involve dishonesty. *United States v. Huettenrauch, supra; United States v. Ashley,* 569 F.2d 975 (5th Cir.1978). Although Mil.R.Evid. 608(b)(2) uses the terms "truthfulness or untruthfulness", and the cases discussing shoplifting have used the term dishonesty, we cannot find a meaningful difference between dishonesty and untruthfulness. Webster's Ninth New Collegiate Dictionary lists them as synonyms that both mean unworthy of trust or belief. The dictionary distinguishes the words by noting that dishonest "implies a willful perversion of truth in order to deceive, cheat, or defraud," while untruthful "is a less brutal term than lying (which in usage) stresses a discrepancy between what is said and fact or reality rather than an intent to deceive." In any case, both words appear to be describing the type of conduct called truthfulness or untruthfulness in Mil.R.Evid. 608(b)(2).

The legal concept being described by both rules appears to be a type of dishonesty known as crimen falsi, the intent to lie or make a false or misleading statement. For a discussion of the treatment of crimen falsi convictions, see S. Saltzburg, L. Schinasi, and D. Schlueter, Military Rules of Evidence Manual 536 (2d ed., 1986). As the rules apply to this case, both Mil.R.Evid. 608 and 609 limit introducing evidence of prior misconduct to crimen falsi offenses. Accordingly, the cases which hold that shoplifting does not involve dishonesty in the sense of Mil.R.Evid. 609 also indicate to us that shoplifting does not involve truthfulness or untruthfulness in the sense of Mil.R.Evid. 608(b)(2).

 We must now test for prejudice. The only issue in this trial was whether the appellant had an intent to deprive the true owner permanently. The government proved that after the appellant took the jacket he openly wore it, and the gloves he found in the jacket pocket, a very few times and then after being seen by the owner wearing the items, he was apprehended. The government relied on the information it had managed to have admitted about the prior conviction for shoplifting and the circumstances of the case to prove the appellant's larcenous intent. Opposed to this government evidence were the direct denial of the appellant, his explanation that he was trying to "play a joke" on his intended victim, and stipulated testimony of several of the appellant's acquaintances to the effect that in their opinions the action was not a theft.

With the evidence as gossamer as this on both sides, we find there is a great chance the information about the prior larceny prejudiced the appellant. For that reason, the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge FORAY and Judge MICHALSKI concur.