UNITED STATES, Appellee,

v.

Specialist Four Thomas W. SPINDLE,
U.S. Army, Appellant.

No. 51,123.
CM 443294.

U.S. Court of Military Appeals.

March 10, 1989.

For Appellant: *Lieutenant Colonel Arthur L. Hunt, Major Stephen R. Dooley, Captain David L. Carrier* (on brief).

For Appellee: *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Lieutenant Colonel Gary F. Roberson, Captain Patrick J. Cunningham, Captain Erik M. Stumpfel* (on brief); *Lieutenant Colonel Thomas M. Curtis.*

OPINION OF THE COURT

EVERETT, Chief Judge:

A general court-martial composed of officers tried appellant on charges identical with those on which his co-accused was tried a few days later. *See United States v. Hubbard*, 28 MJ 27 (CMA 1989).[1] The Government's evidence in the two cases was almost identical—except that, unlike Hubbard, Spindle had made some incriminating admissions which were received in evidence at his trial. The findings made by each court-martial were to the effect that the accused had murdered Derek K during an attempt to commit sodomy and also had committed attempted sodomy and indecent acts against the victim. Spindle was also convicted of assault with intent to commit sodomy.[2] Not surprisingly, the issues raised in this Court by Spindle and the arguments in support thereof parallel to a considerable extent those raised by Hubbard; and we reach a result here similar to that arrived at in Hubbard's case.

I

■ Appellant's principal contention is that the former testimony of an alleged eyewitness, Joseph Courtney, should not have been received, because to do so violated Mil.R.Evid. 804(b)(1), Manual for Courts-Martial, United States, 1969 (Revised edition), and the Sixth Amendment. However, we conclude that the prosecution offered evidence which adequately supported the military judge's determination "that the Government has made all reasonable efforts to obtain the presence of Private Joseph Courtney, and that he is, in fact, unavailable at" the time of Spindle's trial. Indeed, the evidence leaves no doubt that prosecutorial authorities made the req-

uisite "good-faith effort to obtain [Courtney's] presence at trial." *See Barber v. Page*, 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).

■ Once Courtney's unavailability had been established, the court-martial was entitled to consider his testimony, which had been recorded verbatim at the Article 32, Uniform Code of Military Justice, 10 USC § 832, hearing and which had been subjected at that time to extensive cross-examination by counsel for both accused. *Cf. United States v. Hubbard, supra; United States v. Connor*, 27 MJ 378 (CMA 1989); *see also Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Absent any suppression of evidence by the prosecution, admissibility of the former testimony is unaffected by the circumstance that, during the pretrial investigation, defense counsel lacked information that would have been useful in cross-examining Courtney if he had testified at trial. *See United States v. Hubbard, supra.*

■ Appellate defense counsel also complain that the defense was not allowed to introduce extrinsic evidence that Courtney had stolen $247.00 from a fellow soldier at the time he absented himself without authority a few days before Spindle's trial. If Courtney had been present to testify, he could have been cross-examined about the larceny to the extent that the military judge, in his discretion, considered that this misconduct related to the witness' credibility. Generally, however, extrinsic evidence of a witness' misconduct—short of a conviction—is not received to impeach his credibility. *Cf.* Mil.R.Evid. 608(b); *United States v. Cottle*, 14 MJ 260, 265 (CMA 1982). An exception is made when the extrinsic evidence of misconduct tends to show that the witness has bias, prejudice,

---

1. Charge I alleged premeditated murder and felony murder in separate specifications; Charge II alleged sodomy; and the Additional Charge alleged committing indecent acts, in violation of Articles 118, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 918, 925, and 934, respectively. The accused was convicted under Charge II of attempted sodomy, which is a violation of Article 80, UCMJ, 10 USC § 880.

2. The Court of Military Review found that the convictions for attempted sodomy and assault with intent to commit sodomy were multiplicious and dismissed the latter specification. However, they affirmed the findings of guilty of committing indecent acts.

or a motive to misrepresent, Mil.R.Evid. 608(c); but we see no reason why that exception would apply in this case.

■ We observed in *Connor* that, if former testimony of an absent witness is received, the judge has discretion under the Military Rules of Evidence to allow introduction of an inconsistent statement made by the witness after he had given his testimony.[3] 27 MJ at 390–91. Perhaps some discretion exists for the judge to allow the reception of extrinsic evidence as to misconduct by an absent witness, if the military judge concludes that this is necessary in order for the factfinder properly to evaluate the witness' credibility. However, the judge certainly is not compelled to admit such evidence and thereby to propel the factfinder into a mini-trial of a collateral issue. *Cf. United States v. Cottle, supra* at 264. Thus, the military judge ruled properly in excluding the extrinsic evidence of Courtney's misconduct.

■ Furthermore, as the court below observed, if there had been error in this ruling, it could not have prejudiced Spindle. There was a plethora of other evidence before the court members as to Courtney's

truthfulness. We are convinced beyond a reasonable doubt that the court members' consideration of the extrinsic evidence of a larceny by Courtney would have had no effect on their determination that, in many respects, his former testimony at the Article 32 hearing was credible.

## II

■ Spindle also maintains that the Government's evidence was insufficient to establish his guilt. In this trial, the Government offered virtually the same evidence offered in Hubbard's trial, plus damaging admissions by Spindle. Since we have upheld the sufficiency of the evidence as to Hubbard, *United States v. Hubbard,* 28 MJ at 33–34, it follows *a fortiori* that the evidence as to Spindle was sufficient.

## III

The decision of the United States Army Court of Military Review is affirmed.

Judge COX concurs.

Judge SULLIVAN did not participate.

---

**3.** This result is different from that reached in *Mattox v. United States,* 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895).