PEARSON, Senior Judge:
When the defense offers evidence of an accused’s good character, may the prosecution rebut it with extrinsic evidence of specific acts of misconduct offered solely to rebut the character evidence? Our answer is no.
FACTS
A routine computer audit disclosed that appellant, a postal money order clerk, submitted documents reporting the sale of two money orders for $1000 less than their actual cash value. Charged with stealing the $1000 and signing false documents to cover the thefts, appellant pled not guilty and requested trial with members.
*865 Testifying on the merits, appellant admits ted he falsified one postal money order for $500 with the aid of his then-girlfriend Sarah (a prosecution witness), but contended he did so only as a paperwork “joke” on his supervisor. He denied taking any money but could not explain how someone actually “cashed” the “fake” money order, or what happened regarding the second one.
As proof of his innocence, appellant called severál witnesses who testified as to their high opinion of his military character and honesty. Over defense counsel’s objection, the prosecutor asked the character witnesses if they knew appellant had videotaped a sexual act with girlfriend Sarah without her consent and threatened to send the tape to her mother, assaulted Sarah, and drove while intoxicated. While conceding such acts would indeed show bad character, each of the witnesses denied knowing whether appellant committed the uncharged acts.
Not content with receiving “I didn’t know” answers from appellant’s character witnesses, the prosecutor called Sarah and other witnesses in rebuttal to prove-up the uncharged acts concerning the videotape and assault. The prosecutor also presented a certified copy of an Article 15 nonjudicial punishment action for drunken driving from appellant’s personnel records to prove the driving offense. See Article 15, UCMJ, 10 U.S.C. § 815. Appellant objected, arguing the prosecutor could not present the extrinsic evidence of bad acts solely to rebut appellant’s good character evidence. The military judge overruled appellant’s objection and admitted the evidence solely on the issue of appellant’s character. We conclude the judge erred.
CHARACTER EVIDENCE AND THE ACCUSED IN GENERAL
Generally, evidence of an accused’s character traits is not admissible to prove the accused acted in accordance with a particular trait on a particular occasion. However, two exceptions exist. First, an accused may offer evidence of a “pertinent” character trait, which the prosecution may then rebut. Second, if an accused testifies, the accused’s credibility as a witness may be attacked or supported with evidence reflecting on the accused’s character for truthfulness. Mil. R. Evid. 404(a).
PERTINENT CHARACTER TRAITS AND THE ACCUSED

What is a Pertinent Character Trait?

An accused may offer evidence of a character trait which would tend to make it less likely that he or she committed the charged crime. Whether the particular trait is “pertinent” depends on the relationship of the accused’s defense to the charged crime. United States v. Gagan, 43 M.J. 200 (1995) (accused’s “heterosexual” character trait admissible to disprove homosexual sodomy and indecent assault offenses).
For example, an accused charged with larceny may offer evidence of honesty to disprove the theft. United States v. Pearce, 27 M.J. 121 (C.M.A.1988). Likewise, an accused may offer evidence of good character for lawfulness to show he or she is not the type of person who would commit the crime charged. Gagan, 43 M.J. at 202; United States v. Clemons, 16 M.J. 44 (C.M.A.1983). Historically, courts-martial have also allowed an accused to offer evidence of good military or “soldierly” character to raise a reasonable doubt as to guilt. See id. at 47-48 (Everett, C.J., concurring) (citations omitted). See also United States v. Court, 24 M.J. 11 (C.M.A.1987).
However, the accused holds the key to the character closet. The prosecution may not launch a preemptive strike by showing the accused is probably guilty because of a character flaw (“once a thief always a thief’). Although evidence of an accused’s bad character would seem as relevant to the issue of guilt as the accused’s evidence of good character, our rules recognize a common law preference “to prevent the conviction of an accused for a specific crime because he has the reputation for being a “bad man.’ ” United States v. Shields, 20 M.J. 174, 176 n. 5 (C.M.A.1985) (citations omitted).

How Does the Accused Prove the Pertinent Character Trait?

An accused may prove a pertinent character trait through reputation or opinion testimony from a knowledgeable witness. Mil. R. Evid. 405(a). See also Mil. R. Evid *866 405(c) (use of affidavits and writings in some circumstances). A witness who gives “reputation” testimony speaks for how the accused stands in the community regarding the trait at issue. Mil. R. Evid. 405(d). A witness who gives “opinion” testimony testifies as to the witness’ own opinion of the accused’s trait, regardless of what others may say. See United States v. Brewer, 43 M.J. 43 (1995).
How Does the Prosecutor Challenge Defense Character Evidence?
Once the accused opens the character door, the prosecution may walk through it with cross-examination on specific instances of conduct or its own reputation or opinion character witnesses in rebuttal. Mil. R. Evid. 404(a). But, the prosecutor may not prove specific acts of conduct through extrinsic evidence solely to rebut the accused’s character evidence.
On cross-examination, the prosecutor may test the opinions or knowledge of the accused’s character witnesses by asking if they “know” (an opinion witness) or “are aware” (a reputation witness) of specific acts of conduct which would reflect poorly on the accused’s character trait at issue. Mil. R. Evid 405(a). The cross-examiner can diminish the impact of the character witness’ testimony by showing the witness is either unaware of relevant facts bearing on the trait at issue or fails to adequately factor them in an opinion. See Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).
Of course, the prosecutor must have a good faith basis for believing that the conduct occurred before cross-examining the character witness about it. In this regard, the trial judge may require the prosecutor to establish in advance the basis for the questioning. Id.; United States v. Robertson, 39 M.J. 211 (C.M.A.1994), cert denied, — U.S. -, 115 S.Ct. 721, 130 L.Ed.2d 626 (1995). However, “[i]t is a strange cross-examination, because the cross-examiner is not allowed to prove the existence of the acts about which he asks.” S. Saltzburg, L. Schinasi, and D. Schlueter, Military Rules of Evidence Manual, 496 (3d ed. 1991). Thus, the prosecutor is bound by the witness’ answer.
When cross-examining on specific instances of conduct, the prosecutor should focus on the conduct and not the governmental action taken in response to it unless the response resulted in a conviction. For example, the prosecutor’s questions should focus on the conduct which led to an arrest and not the fact of the arrest itself. Robertson, 39 M.J. at 214-215.
Likewise, a nonjudicial punishment action under Article 15, Uniform Code of Military Justice, 10 United States Code Section 815, does not amount to a conviction. Consequently, the prosecutor should ask about the underlying misconduct which brought about the punishment and not on the record of action itself. United States v. Wilson, 12 M.J. 652 (A.C.M.R.1981). The same reasoning applies to other disciplinary actions annotated in an accused’s personnel records.
THE ACCUSED’S CHARACTER AS A WITNESS
Generally, the accused who elects to testify is subject to impeachment just like any other witness. Mil. R. Evid. 404(a)(3), 6Ó7, 608, 609; Wilson. Thus, the accused opens the door to his or her character for truthfulness merely by testifying. However, the accused may not bolster credibility through character for truthfulness evidence until the prosecutor has attacked it, either through character evidence or some other means, such as ‘“slashing cross-examination’ ” attacking the accused’s veracity. United States v. Everage, 19 M.J. 189, 192 (C.M.A.1985) (citations omitted); Mil. R. Evid. 608(a).
Thus, unlike pertinent character trait evidence, the prosecution may directly attack the testifying accused’s character for truthfulness. If the accused calls character witnesses in a counterattack, the prosecutor may question them with specific instances of conduct that reflect on the accused’s truthfulness. Mil. R. Evid. 608(b). However, other than conviction of a crime, the prosecutor is still bound by the witness’ answer and may *867 not prove the conduct through extrinsic evidence unless the acts show bias, prejudice, or a motive to misrepresent. Mil. R. Evid. 608(b)-(c); Robertson, 39 M.J. at 215; United States v. Spindle, 28 M.J. 35 (C.M.A), cert, denied, 493 U.S. 847, 110 S.Ct. 142, 107 L.Ed.2d 101 (1989).
OTHER CRIMES, WRONGS, OR ACTS EVIDENCE
Regardless of whether the accused introduces character evidence or testifies, the prosecutor may present evidence of the accused’s other crimes, wrongs, or acts if the evidence proves something relevant other than the accused is a person of bad character. For example, the prosecutor may offer specific instances of conduct evidence which show the accused’s motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Mil. R. Evid. 404(b); Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).
Also, the prosecutor may impeach, by contradiction, the testifying accused who denies committing certain misconduct on direct examination, such as “I have never used drugs.” The same rule applies if the accused volunteers a broad denial when confronted with a narrow cross-examination question. See United States v. Trimper, 28 M.J. 460, 466-67 (C.M.A.1989), cert, denied, 493 U.S. 965, 110 S.Ct. 409, 107 L.Ed.2d 374 (1989).
Finally, “[i]n cases in which character or a trait of character of a person is an essential element of an offense or defense, proof may also be made of specific instances of the person’s conduct.” Mil. R. Evid. 405(b). For example, habitual offender laws in some jurisdictions may require proof of past conduct as an element of the offense (“three strikes and you’re out”). See United States v. Giles, 13 M.J. 669, 671 (A.F.C.M.R.), pet. denied, 14 M.J. 213 (C.M.A.1982). And, if an accused asserts an entrapment defense, the prosecution may offer specific instances of the accused’s conduct to show predisposition. See, e.g., United States v. Mack, 643 F.2d 1119 (5th Cir.1981); Mil. R. Evid. 404(b). However, in our experience, these evidentiary situations are extremely rare in military criminal trials.
STANDARD OF REVIEW
With this legal framework as a benchmark, we review a trial judge’s decision to admit or exclude character and specific instances of conduct evidence under an abuse of discretion standard. Pearce, 27 M.J. at 125; Everage, 19 M.J. at 194. In conducting that review, we recognize that close calls are what exercising discretion is all about. See United States v. Barrow, 42 M.J. 655, 661 (A.F.Ct.Crim.App.1995). We also recognize that the judge may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Mil. R. Evid. 403; Robertson, 39 M.J. at 215; Spindle, 28 M.J. at 37.
With that said, we conclude the military judge abused his discretion in admitting the prosecution rebuttal evidence in this case since he ruled contrary to the Military Rules of Evidence and established case law. See Everage, 19 M.J. at 194.
DISCUSSION
On direct examination, appellant never asserted he was pure as fresh fallen snow or denied other acts of misconduct. The prosecutor offered the extrinsic evidence about the videotaping of sex and accompanying threat, assault, and drunken driving solely to rebut appellant’s good character evidence. The military judge admitted it solely for that purpose, which, as we have already discussed, was wrong.
Even if the prosecutor offered the evidence to impeach appellant’s credibility as a witness, none of the acts were relevant to truthfulness. See, e.g., United States v. Jef *868 ferson, 23 M.J. 517 (A.F.C.M.R.1986) (shoplifting conviction not probative of truthfulness). For example, appellant’s girlfriend never testified that appellant lied to her about the videotaping episode or tried to conceal it. The prosecutor never presented evidence that appellant lied to the police or anyone else about the drunken driving incident.
Moreover, a good portion of the trial was devoted to whether a videotape of the sexual intercourse actually occurred. Appellant even took the stand a second time to say the taping was another “joke.” At this point, the trial broke into two parts, one for the offense charged and another for the alleged videotaping, highlighting why the rules preclude proof by extrinsic evidence. Our rules of evidence generally seek to avoid mini-trials of uncharged acts within a trial. See Mil. R. Evid. 403 (confusion of the issues); Spindle, 28 M. J. at 37.
Finally, we conclude the military judge erred in admitting the Article 15 action itself as rebuttal to anything. In this tidal, the Article 15 was cloaked with the mantle of a criminal conviction, which it was not.
PREJUDICE
However, even if the trial judge erred in admitting the prosecution’s specific instances of conduct evidence, we do not grant relief unless we find it materially prejudiced appellant’s substantial rights. Article 59(a), UCMJ, 10 U.S.C. § 859(a); Pearce, 27 M.J. at 125. We don’t find prejudice here either as to findings or sentence. First, the military judge cautioned the members that they could only use the specific instances of conduct evidence in evaluating appellant’s character evidence and for no other purpose. Second, the incidents with his girlfriend actually cut in appellant’s favor since they provided a motive for the girlfriend to testify falsely against him. Third, the evidence of appellant’s guilt was overwhelming. While “[t]ruth is, indeed, stranger than fiction, and every one of us knows of at least one cock-and-bull story, believed by one, that turned out to be true[,]” appellant’s money order joke story was preposterous. United States v. Moore, 484 F.2d 1284, 1288 (4th Cir.1973) (Craven, J., concurring).
Finally, as to sentence, the Article 15 action for drunken driving was admissible sentencing evidence since it came from appellant’s personnel records. See R.C.M. 1001(b)(2). And considering the entire record, we conclude appellant’s turmoil with the girlfriend did not have an impact on his sentence. See United States v. Peoples, 29 M.J. 426 (C.M.A.1990).
CONCLUSION
Accordingly, the findings and sentence are correct in law and fact and are
AFFIRMED.
Senior Judge SCHREIER and Judge MORGAN concur.