# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class COREY M. LUEHRING**
**United States Army, Appellant**

ARMY 20120077

Headquarters, Fort Drum
Elizabeth Kubala, Military Judge
Lieutenant Colonel Olga M. Anderson, Acting Staff Judge Advocate (pretrial and addendum)
Colonel Michael O. Lacey, Staff Judge Advocate (recommendation)

For Appellant: Major Jacob D. Bashore, JA; Captain Susrut A. Carpenter, JA (on brief).

For Appellee: Captain Campbell Warner, JA (on brief).

26 December 2012

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MARTIN, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of conspiracy to wrongfully dispose of military property, conspiracy to wrongfully sell military property, conspiracy to obstruct justice, false official statement, disposing of military property, willfully suffering military property to be wrongfully disposed of, selling military property (two specifications), obstructing justice, and unlawful entry in violation of Articles 81, 107, 108, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 907, 908, 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty months, and reduction to the grade of E-1. The convening authority reduced appellant's sentence of confinement to eighteen months and otherwise approved the remainder of the adjudged sentence. The convening

authority waived automatic forfeitures of pay and allowances for a period of six months.

This case is before us for review under Article 66, UCMJ. 7  We have considered the record of trial and appellant's assertions of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which warrants discussion and relief.

## BACKGROUND

This case was part of a large, wide-ranging investigation into thousands of dollars of stolen equipment from a unit storage building.  Appellant, along with many other soldiers, was charged with stealing, selling, disposing of, or receiving military property.  Originally, the government charged appellant with being a major player in the conspiracy.  However, he ultimately pleaded to offenses that were much less serious than those originally charged.

Late one night in December 2010, appellant and one of the co-conspirators, Private First Class (PFC) CD, were on Wheeler Army Airfield without authorization.  They discovered that the brigade's storage building was not secure.  They entered the building and looked around, noting that strewn about were high-dollar, sensitive equipment, including tool kits and rifle scopes.  They took one mechanic's tool kit for use in the motor pool.  Appellant claimed that PFC CD alone returned to the building and stole a box containing twenty-two scopes with batteries and mounts.  The scopes were valued at $283.00 each.  Appellant also stated that PFC CD alone also later stole two more tool kits, valued at $1,602.00 each.

Following PFC CD's larceny of the tool kits, appellant and PFC CD visited appellant's friend, PFC RB, to discuss if he wanted to buy one of the tool kits.  PFC RB agreed to purchase the kit, and also found another buyer for the remaining kit.  Appellant stated that PFC CD also offered to sell PFC RB a scope, and lent him one with the understanding that if he wanted to purchase it, he could pay for it later.  Private First Class RB never paid for the scope.  Appellant collected a total of $700.00 from the sale of two tool kits.  Appellant stated that he did not personally profit from the sale, instead he merely collected the money on behalf of PFC CD.

Appellant then left Fort Drum to travel home to Minnesota for the holidays.  On approximately 28 December 2010, PFC CD was arrested for attempting to sell twenty rifle scopes with batteries and mounts to a buyer at a pawn shop.  Appellant was notified by another soldier (who later was also implicated in the conspiracy) that PFC CD had been arrested.  Appellant was worried about the evidence related to the tool kits at his home in Watertown, New York, but because he was still in Minnesota, he called his friend PFC RB for assistance and asked PFC RB to remove the empty boxes that had previously contained the tool kits from appellant's house

and dispose of them. PFC RB disposed of the potential evidence as requested by appellant.

When appellant returned to Fort Drum after his holiday leave, he was questioned by a Special Agent from the U.S. Army Criminal Investigative Command (CID) about the thefts. Appellant initially lied to investigators, stating that he did not participate in any fashion.

## LAW AND DISCUSSION

Appellant asserts that the military judge's finding as to Specification 2 of Charge III is factually insufficient and the promulgating order fails to accurately reflect the language of the specification to which appellant pleaded. We agree in part with appellant's assertion. Appellant was originally charged with disposing of military property, pursuant to Article 108(1), UCMJ. In his written offer to plead guilty, appellant attempted to plead guilty by exceptions and substitutions to the lesser-included offense of suffering military property to be wrongfully disposed of *through neglect,* pursuant to Article 108 (3), UCMJ.[1] In his written pleadings, he purports to have both "willfully" and "through neglect" disposed of the property. In his original oral pleadings, defense counsel, on appellant's behalf, pleaded only to "willfully" disposing of the property. The stipulation of fact also reflects the intent of the government and appellant to plead to the elements of willfully suffering military property to be wrongfully disposed of. During the providence inquiry, the military judge read the instruction, and elicited testimony consistent with the lesser-included offense of suffering military property to be wrongfully disposed of through neglect, pursuant to Article 108(3), UCMJ. At that point, the defense counsel noted his error in the pleadings, and the parties agreed that appellant and the convening authority agreed to be bound by the less serious offense provided under Article 108(3), UCMJ, suffering military property to be wrongfully disposed of through neglect. The intent of the parties is further evidenced by the final, maximum punishment computation, which is consistent with Specification 2 of Charge III having a maximum confinement period of six months.[2]

---

[1] Unlike the appellant in *United States v. Jones,* 68 M.J. 465, 468 (C.A.A.F. 2010), the appellant in the instant case pleaded guilty to a lesser included offense, pursuant to R.C.M. 910(a). Therefore, we need not determine if Article 108(3) is an appropriate lesser included offense of Article 108(1), UCMJ. *See also Jones* 68 M.J. at 473.

[2] The total maximum punishment agreed to by the parties and explained to appellant by the military judge was a dishonorable discharge, confinement for fifty-six years and six months, total forfeitures of all pay and allowances, and reduction to the grade of E-1.

In her findings, the military judge mistakenly found appellant guilty of willfully suffering military property to be wrongfully disposed of, which includes a maximum confinement period of one year, and which was subsequently approved by the convening authority and reflected in the promulgating order.

Consistent with *United States v. Footman*, 13 M.J. 827 (A.C.M.R. 1982), we would normally hold that the finding as to Specification 2 of Charge III was simply misstated by the military judge, as the clear intent of the military judge and the parties was to find appellant guilty of the lesser-included offense of suffering military property to be wrongfully disposed of through neglect. Furthermore, given that this offense is the less severe of the two offenses, we would find that the error was not materially prejudicial to appellant's substantial rights, and simply amend the specification. *See* UCMJ art. 59(a); *United States v. Perkins*, 56 M.J. 825, 827 (Army Ct. Crim. App. 2001).

Upon further review, however, we have determined that the record does not adequately establish that appellant had any particular duty in regard to the property, and that appellant's plea to suffering military property to be wrongfully disposed of through neglect was improvident. While in both his stipulation of fact and during the providence inquiry, appellant admitted that he had an "omission of duty," no supporting facts were elicited in support of this element. Therefore, we find that these admissions were merely conclusory statements completely unsupported by any information.

A providence inquiry into a guilty plea must establish that the accused believes and admits that he is guilty of the offense and that the factual circumstances admitted by the accused objectively support the guilty plea. *United States v. Garcia,* 44 M.J. 496, 497–98 (C.A.A.F. 1996). We review a military judge's acceptance of a guilty plea for an abuse of discretion. *United States v. Eberle,* 44 M.J. 374, 375 (C.A.A.F. 1996). We will not overturn a military judge's acceptance of a guilty plea unless the record of trial shows a substantial basis in law and fact for questioning the guilty plea. *United States v. Jordan,* 57 M.J. 236, 238 (C.A.A.F. 2002) (citing *United States v. Prater,* 32 M.J. 433, 436 (C.M.A. 1991)).

In *United States v. Aleman,* 62 M.J. 281 (C.A.A.F. 2006), our superior court "held that when a military judge fails to have an accused establish a duty to safeguard the property in question there is an inadequate factual basis to establish the third element of the offense of suffering the sale of military property." *United States v. Johnson,* ARMY 20051065, 2006 WL 6624665, at *2 (Army Ct. Crim. App. 25 Sept. 2006) (mem. op.). In *Aleman, Johnson,* and the instant case, the military judges "failed to have the accused explain what duty, if any, he had to safeguard the property in question." *Id.* at 2. Unlike the appellants in the aforementioned cases, the appellant here admits he had a duty, but the specific duty is never established and no such duty is readily apparent from the record.

4

LUEHRING—ARMY 20120077

It is well established that the record of courts-martial "must reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge . . . has questioned the accused about what he did or did not do, . . . to make clear the basis for a determination by the military trial judge . . . whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care,* 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969) (citing *United States v Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969); *United States v Rinehart*, 8 U.S.C.M.A. 402, 24 C.M.R. 212 (1957)) . *See also* R.C.M. 910(c)(1) discussion; R.C.M. 910(e) discussion. Moreover, a "military trial judge . . . [must] explain the elements of the offense with which [the accused] is charged and . . . question him about his actions and omissions." *Id.*

## CONCLUSION

On consideration of the entire record and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the finding of guilty with respect to Specification 2 of Charge III is disapproved. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, we AFFIRM the sentence as approved by the convening authority.

Senior Judge KERN and Judge ALDYKIEWICZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5